FOX *v.* DIERKES, EXECUTRIX.

(Decided December 10, 1928.)

*Mr. J. J. Cooney* and *Mr. W. F. Fox,* for plaintiff in error.

*Messrs. Maxwell & Ramsey* and *Mr. Frank Graydon,* for defendant in error.

Ross, J. This case comes into this court on error from the court of common pleas of Hamilton county, where a judgment was entered in that court dismissing the petition in error from the municipal court of Cincinnati.

The original trial to a jury in the municipal court resulted in a verdict for Caroline Dierkes, executrix, the defendant. The plaintiff in the municipal court prosecuted error to the court of common pleas, and filed a narrative bill of exceptions, which contained a certificate in which the trial judge certified "the bill with the exhibits and the stipulation to be a true bill of exceptions so far as the court has been able to correct the same."

The court of common pleas found that the bill of exceptions was not a true bill of exceptions, and dismissed the petition in error.

The only question presented to this court in oral argument or briefs of counsel involved the sufficiency of the certificate to the bill of exceptions. Section 11566, General Code, provides:

"The trial judge or judges, upon the receipt of the bill shall indorse thereon the date it was received,

and within five days thereafter correct it, if necessary, allow and sign such bill, and immediately transmit or cause it to be transmitted to the office of the clerk from whom it was received, with any amendment or objections thereto.''

The duty to correct the bill is mandatory upon the trial judge, and he can be mandamused, if necessary, to perform this duty.

That the bill of exceptions contained all the evidence offered upon the trial of the cause can be shown only by the certificate of the trial judge. *Regan, Admx., v. McHugh,* 78 Ohio St., 326, 85 N. E., 559. The certificate, therefore, to be effective must be positive and unequivocal. If there can be any reasonable doubt from the language of the certificate that the bill does not contain all the evidence, or that it has not been corrected so as to contain all the evidence, if correction is necessary, the certificate is ineffective.

It may be urged that the trial court cannot in any event certify beyond its ability, but the law provides for a definite statement, and requires not only that the trial judge shall try to correct the bill, but that he shall correct it, and definitely and positively certify that he has done so. Either the trial judge is able to correct the bill or is not able to correct it. If he is not able, and so certifies, the certificate would not render the bill of exceptions effective.

There is a strong implication in the language used in the certificate here in question that the trial judge, for some reason not apparent, had not been able to correct the bill in full. There is no certificate as to his ability such as would have been included in a positive, definite, and unequivocal statement that

the bill was a true bill. The words, "so far as the court has been able to correct the same," were interlined in the certificate in ink after the typewritten words, "and this court on consideration thereof finds the bill with the exhibits and stipulation to be a true bill of exceptions."

The insertion can be fairly construed to be nothing less than a qualification of the positive statement certifying the true bill of exceptions.

We are therefore of opinion that there was no certificate that the bill contained all the evidence; and, as this is the only question presented to us, the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

HAMILTON, P. J., and CUSHING, J., concur.